IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JACQUELINE ANGELA STOKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-1316-R |
| | ) | |
| ROBERT HASTINGS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On July 13, 2016 Defendant filed a Motion to Compel (Doc. No. 25), seeking to compel Plaintiff to respond to discovery propounded to her in January, 2016.[1] Plaintiff filed a Response entitled "Plaintiffs Answer for the Honorable Court and Defendants Interrogatories Under Plaintiff's Protests" (Doc. No. 26). Defendant filed a Reply brief in support of its position. Having considered the parties' submissions, the Court finds as follows.[2]

Defendant's motion indicates that Plaintiff failed to respond to either interrogatories or requests for production in a timely manner. Defendant seeks an Order requiring Plaintiff to respond to the discovery requests or to dismiss this action because Plaintiff has failed to

---

[1] The motion was originally directed to Ms. Stokes individually and in her capacity as representative for her minor child. However, because Ms. Stokes was proceeding *pro se*, she could not proceed with the claims on behalf of D.S. Those claims were dismissed by the Court on July 20, 2016, without prejudice.

[2] The Court notes, as it did in its Order of June 17, 2016, that at the joint status conference conducted on May 4, 2016, that Plaintiff was informed that despite her right to proceed without counsel, that she nevertheless would be required to comply with the Federal Rules of Civil Procedure and the Court's local rules. Plaintiff indicated that she desired to continue without obtaining counsel and is now required to participate actively in the discovery process, despite her belief that Defendant is not entitled to question how the accident occurred or whether her injuries are related to the accident.

participate, cooperate and comply with Defendant's reasonable discovery requests, as permitted by Rule 37.[3] Defendant also seeks costs and fees associated with the motion.

In response to the Motion, Plaintiff dedicates substantial discussion to her belief that Defendant has repeatedly offered to settle this action for a sum less than the medical bills she has already incurred. Thereafter she makes an attempt to respond to certain of the discovery requests, although she prefaces her response by asserting that the interrogatories are not "constitutionally allowed" and by asserting that Defendant's litigation conduct entitles her to seek punitive damages. Doc. No. 26, p. 3.

It appears to the Court that Plaintiff has, by virtue of her filing, sufficiently responded to Interrogatories 1 through 3. However, Plaintiff made no attempt to respond to Interrogatories 4 through 27 and is therefore ordered to respond fully and completely not later than August 5, 2016.[4] With regard to Defendant's Request for Production of Documents, Plaintiff provided copies of bills for Emergency Room and radiology services, all from December 1, 2013. These documents are not fully responsive to Defendant's Request. As such, Plaintiff shall respond to all Requests for Production and shall specifically identify whether she has any documents responsive to each Request made by Defendant. Furthermore, she shall provide a signed Medical Authorization as requested by Defendant.

---

[3] The Court previously denied Plaintiff's request for a protective order wherein she sought to avoid answering the inquiries by Defendant. Doc. No. 23.

[4] Plaintiff includes certain details of the accident in question, however, she did not respond in a manner that makes it possible for the Court, or Defendant, to discern which Interrogatory is being addressed. Plaintiff is hereby informed that to respond to an interrogatory she must first re-type or re-write the interrogatory in its entirety and then provide her response thereto.

These responses and the authorization shall similarly be provided to Defendant not later than August 5, 2016. Failure to respond in a timely and complete manner will result in dismissal of this action with prejudice without further notice.[5]

    IT IS SO ORDERED this 21st day of July, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[5] Rule 37(b)(2), which is adopted by 37(d)(3), provides for sanctions related to discovery, including if a party fails to serve answers to interrogatories. The Court may ensure participation in discovery by reticent litigants by:
    (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
    (iii) striking pleadings in whole or in part;
    (iv) staying further proceedings until the order is obeyed;
    (v) dismissing the action or proceeding in whole or in part;
    (vi) rendering a default judgment against the disobedient party; or
    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.